IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                                No. CR 20-1708 JB

JOSHUA MENDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Amended Objection to the Presentence Investigation Report and Sentencing Memorandum, filed February 15, 2022 (Doc. 46)("Objections"). The primary issue is whether the Court can apply a 2-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3A1.3, because Defendant Joshua Mendez restrained the victim while committing the offense. The Court concludes that Mendez placed the victim in a chokehold while committing the offense, thereby physically restraining the victim. Accordingly, the Court will overrule Mendez' Objection and will apply U.S.S.G. § 3A1.3's 2-level sentencing enhancement for physically restraining the victim.

The United States Probation Office ("USPO") recommends that the Court apply U.S.S.G. § 3A1.3's 2-level sentencing enhancement, because the "victim was physically restrained in the course of the offense." Presentence Investigation Report ¶ 48, at 9, filed October 1, 2021 (Doc. 36)("PSR"). Mendez objects, arguing that he did not place the victim, Jane Doe, in a chokehold or cut her throat, as the PSR notes. Objections at 3. In addition, Mendez asserts that, even if he had placed Jane Doe in a chokehold, the Court cannot apply U.S.S.G. § 3A1.3 2-level sentencing enhancement, because "the mere act of placing someone in a choke hold is not a physical restraint within the meaning of" U.S.S.G. § 3A1.3. Objections at 4.

The United States disagrees with Mendez and asks the Court to apply U.S.S.G. § 3A1.3's 2-level enhancement.  See United States' Sentencing Memorandum and Response to Defendant's Objections, filed March 8, 2022 (Doc. 51)("Response").  First, the United States argues that there is sufficient evidence for the Court to conclude that Mendez restrained Jane Doe.  Response at 3-5.  Second, the United States asserts that Mendez' actions justify applying U.S.S.G. § 3A1.3's 2-level enhancement for physically restraining the victim.  See Response at 4-5.  To support its argument, the United States cites to, and attaches to its Response, two interview transcripts.  See Interview of [redacted], Jr., taken March 22, 2020, filed March 8, 2022 (Doc. 51-1)("Jr. Tr."); Interview of Jane Doe, taken February 24, 2022, filed March 8, 2022 (Doc. 51-2)("Jane Doe Tr.").

The USPO maintains that the Court should apply U.S.S.G. § 3A1.3's 2-level enhancement. See Second Addendum to the Presentence Report, filed March 10, 2022 (Doc. 52)("Addendum"). In the Addendum, the USPO states that the evidence shows that Mendez "stood behind Jane Doe while she was seated at a table, held her in a 'headlock' or 'chokehold,' held a knife to her neck, and held her in the chair she was in until such time that others intervened."  Addendum at 2 (no citation for quotation).  Moreover, the USPO notes that Mendez placed Jane Doe in a chokehold "during the commission of the offense of conviction," Addendum at 2, namely, assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and domestic assault by a habitual offender, in violation of 18 U.S.C. § 117, see PSR at 1.

As a threshold matter, the Court will apply a preponderance-of-the-evidence standard to determine Mendez' conduct.  Mendez requests that the Court "decide facts relevant to the question of physical restraint under a higher standard than that of preponderance of the evidence."  Objections at 3.  The United States Court of Appeals for the Tenth Circuit requires that a preponderance of the evidence support a district court's findings for a sentencing determination.

See United States v. Hooks, 551 F.3d 1205, 1217 (10th Cir. 2009).  The Court, therefore, will decline Mendez' invitation to apply a heightened standard and will find facts by a preponderance of the evidence.  See Fed. R. Crim. P. 12(d) ("When factual issues are involved in deciding a motion, the court must state its essential findings on the record.").

    First, the Court finds that Mendez choked Jane Doe by holding her in a headlock.  In the PSR, the USPO states that, when Jane Doe declined Mendez' invitation to leave J.W.'s house, Mendez became angry, "placed Jane Doe in a choke hold restraint and began to strangle" Jane Doe, before "placing a knife to her throat and pushing her down onto a chair."  PSR ¶ 14, at 5.  In the Addendum, the USPO states that, in an interview, John Doe states that "'Mendez then became angry and began choking Jane Doe after he pushed her down on the chair,'" and that "'[t]he last thing he saw before he left was Jane Doe being choked or had her in a head lock.'"  Addendum at 2 (no citation for quotation).  Moreover, the USPO notes that Jane Doe disclosed in an interview that, when Mendez reentered the home, "he came up behind [her] and put her in a head lock and she then realized something was against her neck.  While seated in a highchair, she was at chest level when he stood next to her."  Addendum at 2 (no citation for quotation).  A witness to the offense states that Mendez "starting choking" Jane Doe, "like, pushed her down on her chair" and "gashed her neck."  Jr. Tr. at 8:1-6 (Witness).  When asked to describe the choking, the witness states that Mendez "tackled her, and she fell down backwards with the chair."  Jr. Tr. at 9:9-10 (Witness).  In her interview, Jane Doe states that Mendez put her "in a headlock" and put something "against [her] neck."  Jane Doe Tr. at 19:14-15 (Doe).  Jane Doe contends that she was sitting in a chair when Mendez came up behind her, stood beside her, put his right arm around her, and placed her in a headlock.  See Jane Doe Tr. at 20:1-21:24 (Doe).  While Mendez denies putting Jane Doe in a chokehold, he offers no evidence to rebut the United States' evidence.  See

Objections at 3. The only available evidence suggests that Mendez choked Jane Doe by putting her in a chokehold. Because Mendez has not presented any reason for the Court to doubt the evidence's accuracy or integrity and the Court, on its own, sees none, the Court concludes by a preponderance of the evidence that Mendez choked Jane Doe by putting her in a chokehold.

Second, Mendez' conduct is physical restraint as U.S.S.G. § 3A1.3 uses that term. U.S.S.G. § 3A1.3 states: "If a victim was physically restrained in the court of the offense, increase by 2 levels." U.S.S.G. § 3A1.3. "Physically restrained" means "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. n. 1(L). See U.S.S.G. § 3A1.3 cmt. n. 1. To be "forcible," the defendant's conduct must involve "physical force or another form of compulsion to achieve the restraint." United States v. Checora, 175 F.3d 782, 790 (10th Cir. 1999). "Restraint" means "hold[]ing the victim back from some action, procedure, or course, prevent[ing] the victim from doing something, or otherwise keep[ing] the victim within bounds or under control." United States v. Checora, 175 F.3d at 790. A victim does not need to be chased or tackled to have been physically restrained. See United States v. Ivory, 532 F.3d 1095, 1106 (10th Cir. 2008). The restraint of the victim "need not occur during the offense of conviction, as long as the restraining occurred as part of the relevant conduct." United States v. DeLeon, 437 F. Supp. 955, 1012 (D.N.M. 2020)(Browning, J.)(citing United States v. Holbert, 285 F.3d 1257, 1262-63 (10th Cir. 2002)).

Mendez argues that he did not physically restrain Jane Doe, because he did not "prevent Jane Doe from going somewhere or from doing something when he allegedly put her in a choke hold." Objections at 4. Mendez' argument misses the mark, however. If Mendez' argument is correct, then a defendant cannot "physically restrain[]" someone within U.S.S.G. § 3A1.3's meaning if the victim has nowhere to go or nothing to do. U.S.S.G. § 3A1.3. In other words,

Mendez' argument would require there to be an additional finding that the victim would have done some action had the victim not been physically restrained. That interpretation of U.S.S.G. § 3A1.3 is not consistent with the Tenth Circuit's reasoning in United States v. Checora, 175 F.3d at 790-91. U.S.S.G. § 3A1.3 does not require evidence of the victim's intentions not to be restrained. By placing Jane Doe in a chokehold, Mendez prevented Jane Doe from leaving the house, or even from stepping away from Mendez. Mendez kept Jane Doe "within bounds or under control." United States v. Checora, 175 F.3d at 790. Mendez, therefore, physically restrained Jane Doe. The Court will apply U.S.S.G. § 3A1.3's 2-level enhancement.

**IT IS ORDERED** that the Objection in the Amended Objection to the Presentence Investigation Report and Sentencing Memorandum, filed February 15, 2022 (Doc. 46), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred Federici
  Acting United States Attorney
Elisa Christine Dimas
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Margaret Katze
  Federal Public Defender
Amanda R. Lavin
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*